IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00448-GCM

| | |
|---|---|
| JUSTIN SHERILL KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SARAH H. CONNER *et al.*, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER comes before the Court on Defendant Kerl's Motion to Dismiss[1] [Doc. No. 7]; Defendant Sarah Conner's Motion to Dismiss[2] [Doc. No. 10]; Defendant North Carolina Private Protective Services Board's Motion to Dismiss[3] [Doc. No. 17]. The Court has considered all of the motions as well as Plaintiff's opposition to each. Also before the Court is Plaintiff's Motion to Amend Complaint. [Doc. No. 20].[4]

Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for deprivation of his Fourth and Fourteenth Amendment rights and under North Carolina state law for various torts and alleged RICO violations. Plaintiff filed this action in Mecklenburg County

---

[1] Although Defendant Kerl labeled his motion pursuant to Rule 12(b)(6), the Court notes that the grounds in support of the motion are pursuant to Rule 12(b)(4), therefore the Court will consider the motion to dismiss pursuant to Rule 12(b)(4).

[2] Defendant Conner moved to dismiss pursuant to Rule 12(b)(1), (b)(2), (b)(4) and (b)(6).

[3] Defendant North Carolina Private Protective Services Board moved to dismiss pursuant to Rule 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6).

[4] Plaintiff contends that all defendants except North Carolina Private Protective Services Board, consented to his request to amend his complaint. [Doc. No. 20-2 at 3].

1

Superior Court on March 23, 2012 and summons was issued as to each moving Defendant on March 23, 2012. On July 23, 2012, Defendant Kerl filed a Notice of removal of this matter to this Court. [Doc. No. 1]. Each moving party is asking that this Court dismiss this action against them based on Plaintiff's failure to serve process on them within the time provided under the North Carolina Rules of Civil Procedure.

ANALYSIS

Under the North Carolina Rules of Civil Procedure, a civil action is commenced with the filing of a complaint and civil summons. The complaint and civil summons must be served upon the opposing party within sixty (60) days of the issuance of the original summons. N.C. Gen. Stat. 1A-1, Rule 4(c). The summons may be kept alive by obtaining an extension or by the filing of an alias and pluries summons which must be done within ninety (90) days of the issuance of the original summons. N.C. Gen. Stat. § 1A-1, Rule 4(d)(1). Such alias and pluries may be re-issued indefinitely until service is completed upon the defendant. *Id.* If a defendant has not been served with a summons within (60) days of the issuance of the summons and an alias and pluries summons is not obtained within (90) days of the issuance of the original summons, the summons as well as the complaint is deemed to have expired. *Lackey v. Cook*, 40 N.C. App. 522, 528 (1979).

North Carolina Rule of Civil Procedure 4(e) provides as follows:

> Summons-Discontinuance. When there is neither endorsement by the clerk nor issuance of alias and pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not therefore served with summons within the time allowed.

This rule makes clear that once an original summons or an alias and pluries summons has

expired, the action is deemed to have terminated. *Lackey*, 40 N.C. App at 527-28. Here, Defendants Kerl and Conner were served with the summons and complaint on June 25, 2012 (94 days after issuance of the summons) and Defendant Board was served on June 20, 2012 (89 days after issuance of the summons). Plaintiff agrees that this is the date that he served Defendants Kerl and Conner and that he did not serve these Defendants within (60) days of the issuance of the summons in state court. [Doc. No. 12 at 3]. Plaintiff also agrees that he did not obtain an alias and pluries summons as to the moving Defendants within (90) days of the issuance of the original summons which would have kept his original summons alive. [Doc. No. 12-1 at 2-10]. Therefore, the summons and complaint as to the moving Defendants has expired and the action must be dismissed without prejudice.[5] Plaintiff asserts that on September 7, 2012, he filed an additional alias and pluries summons, which allows him an additional 60 days to serve the defendants.[6] [*Id.,* Doc. No 14 at 5]. In this instance the action is deemed to commence on the date of such summons, not the date of initial filing. N.C. Gen. Stat. § 1A-1, Rule 4(d)-(e). This Court agrees, however, at this point, it is clear that Plaintiff did not serve the moving defendants within 60 days of the issuance of the original summons, nor did he obtain an alias and pluries summons within 90 days of the issuance of the original summons. Therefore, notwithstanding Plaintiff's September 7, 2012 filing for alias and pluries summons against the Defendants, the original summons has expired and the action must be dismissed without prejudice as to the

---

[5] Furthermore, even under the Federal Rules of Civil Procedure (although no summons was issued in federal court), 120 days has passed since this case was removed to federal court and therefore, this Court may dismiss without prejudice under the Federal Rules of Civil Procedure as well.

[6] Although he filed an alias and pluries summons on September 7, 2012, Plaintiff has still not served the moving defendants. The Court notes that more than 60 days has elapsed since September 7, 2012 when Plaintiff filed an alias and pluries summons.

moving Defendants.[7]

        **IT IS, THEREFORE ORDERED:**

(1)      Defendant Kerl's Motion to Dismiss is GRANTED [Doc. No. 7] and Defendant Kerl is dismissed without prejudice;

(2)      Defendant Conner's Motion to Dismiss [Doc. No. 10] pursuant to Rule 12(b)(4) is GRANTED and Defendant Conner is dismissed without prejudice;

(3)      Defendant Conner's Motion to Dismiss [Doc. No. 10] pursuant to Rule 12(b)(1), (b)(2), (b)(5) and (b)(6) is dismissed as moot based on this Court's ruling;

(4)      Defendant North Carolina Private Protective Services Board's Motion to Dismiss [Doc. No. 17] pursuant to Rule 12(b)(4) is GRANTED and Defendant North Carolina Private Protective Services Board is dismissed without prejudice;

(5)      Defendant North Carolina Private Protective Services Board's Motion to Dismiss pursuant to Rule 12(b)(1), (b)(2), (b)(5) and (b)(6) is dismissed as moot based on this Court's ruling.

(6)      Defendants Kerl, Conner and North Carolina Private Protective Services Board are dismissed without prejudice;

(7)      Plaintiff's Motion to Amend Complaint [Doc. No. 20] is GRANTED as to the remaining defendants.

---

[7] Plaintiff contends that he mailed a request to waive issuance of summons to defendants under Federal Rule of Civil Procedure 4(d) on August 21, 2012 and that since defendants have not returned said waiver, each shall bear the expenses associated with such service. The Court notes that Defendants Kerl and Conner filed their current motions contesting service on August 21, 2012 and September 9, 2012 respectively, which is within the thirty days referenced in the Rule within which to return the waiver. Defendant Board filed its motion on October 16, 2012, which is beyond the "at least thirty days" referenced in the Rule within which to return the waiver but is not an "unreasonable" amount of time within which to contest service especially given that Defendant Board contested service in state court prior to the removal of this case to federal court.

SO ORDERED.

Signed: December 21, 2012

Graham C. Mullen
United States District Judge